UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-263 DWF/ECW |
| Plaintiff, | |
| v. | **ORDER** |
| Marcus Anthony Mattox, | |
| Defendant. | |

This case is before the Court on the United States of America's Motion for Discovery (Dkt. No. 10); and Defendant's Motion to Suppress Statements (Dkt. No. 30), Defendant's Motion to Suppress Items Obtained by Warrantless Seizure (Dkt. No. 31), Defendant's Motion for Disclosure of Evidence Favorable to the Defendant (Dkt. No. 32), Defendant's Motion for Disclosure of Grand Jury Transcripts (Dkt. No. 33), Defendant's Motion for Pretrial Disclosure of Jencks Act Material (Dkt. No. 34), Defendant's Motion for Disclosure of 404 Evidence (Dkt. No. 35), Defendant's Motion for Disclosure of Wiretaps and Other Electronic Surveillance (Dkt. No. 36), Defendant's Motion for Discovery and Inspection (Dkt. No. 37), and Defendant's Motion to Retain Rough Notes (Dkt. No. 38).

Benjamin Bejar and Thomas Calhoun-Lopez, Assistant U.S. Attorneys, appeared on behalf of the United States of America and F. Clayton Tyler appeared on behalf of Defendant Marcus Anthony Mattox, who was present at the January 25, 2019 hearing on the instant motions.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. United States of America's Motion for Discovery (Dkt. No. 10) is **GRANTED**.

2. Defendant's Motion for Disclosure of Evidence Favorable to the Defendant (Dkt. No. 32) is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions.

3. Defendant's Motion for Disclosure of Grand Jury Transcripts (Dkt. No. 33) is **GRANTED IN PART AND DENIED IN PART**. According to the United States Supreme Court, there is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) (citations omitted). A defendant must allege a "particularized need" with support for the records. *See United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994) (citing Fed. R. Crim. P. 6(e)(3)(C)(ii)). For example, a court may authorize disclosure of grand jury transcripts where a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. . . ." Fed. R. Crim. P. 6(e)(3)(E)(ii). A bare allegation that grand jury records are necessary does not satisfy "particularized need" requirement. *See Warren*, 16 F.3d at 253. Defendant has made no showing of a particularized need for the grand jury transcripts. However, the Government will produce any grand jury transcripts for any witness it intends to call at trial. The Government has represented that it will voluntarily produce any such transcripts within three (3) working days before commencement of trial with its voluntary production of Jencks Act material.

4. Defendant's Motion for Pretrial Disclosure of Jencks Act Material (Dkt. No. 34) is **DENIED**. Defendant requests disclosure of Jencks Act material at least seven days before trial. The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. The Eighth Circuit has repeatedly held that the government cannot not be required to make pretrial disclosure of Jencks Act material. *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). Nothing in this Order, however, precludes the Government from voluntarily disclosing any Jencks Act material three (3) working days before commencement of trial, as it represented it would at the hearing.

5. Defendant's Motion for Disclosure of 404 Evidence (Dkt. No. 35) is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions. The Government shall produce Rule 404(b) evidence in a manner consistent with its Response to Defendant's Pretrial Motions (Dkt. No. 42) at least fourteen (14) days before commencement of trial.

6. Defendant's Motion for Disclosure of Wiretaps and Other Electronic Surveillance (Dkt. No. 36) is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions.

7. Defendant's Motion for Discovery and Inspection (Dkt. No. 37) is **DENIED AS MOOT** based on the representations of the parties at the hearing on the pretrial motions.

8. Defendants' Motion to Retain Rough Notes (Dkt. No. 38) is **TAKEN UNDER ADVISEMENT**. The parties shall submit briefing to the Court regarding whether Defendant is entitled to the production of law enforcement officers' rough notes, including whether Defendant's request for production of such notes is timely, at the same time they submit their respective briefing on the motions to suppress as set forth below in paragraph 9 of this Order. This motion will be addressed in a separate Order to issue.

9. With respect to Defendant's Motion to Suppress Statements (Dkt. No. 30) and Defendant's Motion to Suppress Items Obtained by Warrantless Seizure (Dkt. No. 31), the parties requested that supplemental briefing be due following the filing of a transcript by the court reporter of the motions hearing. Defendant's supplemental brief will be due on or before **February 22, 2019**. The Government's supplemental brief in opposition to Defendant's motions will be due on or before **March 8, 2019**. These motions (Dkt. Nos. 30 and 31) will be addressed in a separate Report and Recommendation to issue.

DATED: January 28, 2019                     *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge