# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                     Criminal No. 18-263 (DWF/ECW)

               Plaintiff,

v.                                            **MEMORANDUM**
                                              **OPINION AND ORDER**

Marcus Anthony Mattox,

               Defendant.

---

Benjamin Bejar, Craig R. Baune, and Thomas Calhoun-Lopez, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

F. Clayton Tyler, Esq., counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on Defendant Marcus Anthony Mattox's ("Mattox") Motion for Release from Custody pending sentencing.  (Doc. No. 145 ("Motion").)  The United States of America (the "Government") opposes the Motion.  (Doc. No. 149 ("Govt. Opp.").)  For the reasons set forth below, the Court respectfully denies Mattox's Motion.

## BACKGROUND

On July 9, 2019, a grand jury returned a one-count superseding Indictment, charging Mattox with being a felon in possession of a firearm as an armed career

criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[1]  (Doc. No. 74.)  On

October 4, 2019, a jury found Mattox guilty following a four-day trial.  (*See* Doc.

Nos. 97-102.)

Mattox has been in custody since November 2018 and is currently awaiting

sentencing though no sentencing date has been set.[2]  In the Court's November 15, 2018

Order of Detention, the Court found that "no condition or combination of conditions of

release will reasonably assure [Mattox's] appearance as required at future court

proceedings" and "no condition or combination of conditions of release will reasonably

assure the safety of the community."  (Doc. No. 16.)  The Court specifically noted

Mattox's "12 prior felony convictions including two second-degree assaults with a

dangerous weapon (a firearm), second-degree burglary, domestic assault, terroristic

threats, false imprisonment, and three fifth-degree assaults," and the fact that he

"absconded from felony supervised release" less than one month after release from a 27-

month prison commit.  (*Id.* at 2-3.)

In December 2018, the Court denied Mattox's request for release to a halfway

house, again noting his prior felonies and history of failing to appear or absconding, and

reasserting that "no condition or combination of conditions will reasonably assure

---

[1]     18 U.S.C. § 924(e)(1) (the "Armed Career Criminal Act" or "ACCA") carries a
mandatory minimum sentence of 15 years.

[2]     A sentencing hearing occurred on March 12, 2020; however, it was continued to
April 10, 2020 to permit additional research and briefing regarding the application of the
ACCA.  (*See* Doc. Nos. 136, 141.)  Due to the COVID-19 pandemic, the April 10
sentencing hearing was continued and has not yet been rescheduled.  (Doc. No. 139.)

[Mattox's] appearance as required for future proceedings or the safety of the community should [Mattox] be released pending trial."  (Doc. No. 29.)

A final Presentence Report and Addendum was filed on January 24, 2020.  (Doc. No. 126 ("PSR").)  The PSR recommended a guideline sentence range of 262 to 327 months with a 15-year mandatory minimum pursuant to the ACCA.[3]  (PSR ¶¶ 82-83.) Mattox now moves for release pending sentencing.  (Motion at 1.)  On May 7, 2020, U.S. Probation filed a report indicating four major disciplinary actions while Mattox has been in custody, including one as recent as May 4, 2020 in which Mattox struck another inmate in the head with a sock full of batteries.  (Doc. No. 148.)

## DISCUSSION

Release of a defendant pending sentencing is governed by 18 U.S.C. § 3143. Pursuant to 18 U.S.C. § 3143(a)(1), a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  18 U.S.C. § 3143(a)(1).

Where a defendant has been found guilty of an offense described in § 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" that person detained, unless the judicial officer finds:  (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no

---

[3]     Mattox objects to the application of the ACCA.  (Doc. Nos. 127, 143.)

sentence of imprisonment may be imposed on the person; and (2) by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or to the community.  18 U.S.C. § 3143(2)(A)(B).

Notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143, the court may still release a defendant pending sentencing pursuant to 18 U.S.C. § 3145(c). "A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  U.S.C. § 3145(c).  In such a circumstance, "[t]he defendant must show by clear and convincing evidence he is not likely to flee or pose a danger to the community and it also must be shown there are exceptional reasons why detention is not appropriate."  *United States v. Tobacco*, 150 F. Supp. 3d 1051, 1053 (D.S.D. 2015).

Under this standard, courts typically deny such claims unless they are "clearly out of the ordinary, uncommon, or rare."  *See United States v. Schmitt*, 515 F. App'x 646, 647 (8th Cir. 2013) (citations omitted); *see also United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (finding that defendant's treatment for depression and risk of suffering violence were not exceptional reasons to permit defendant to self-surrender after sentencing); *United States v. Rausch*, 746 F. Supp. 2d 1192, 1201–02 (D. Colo. 2010) (exceptional reasons did not exist to warrant release of a defendant with severe medical disabilities who needed a kidney transplant).

Finally, release may also be appropriate pursuant to 18 U.S.C. § 3142(i) under which a "judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).

Because it is yet unclear whether the ACCA applies, the Court addresses Mattox's Motion in the context of 18 U.S.C. § 3143(A) as opposed to § 3143(A)(2).)[4] Accordingly, in order to be released, Mattox must show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or to the community.  18 U.S.C. § 3143(A).

Mattox contends that he should be released because the COVID-19 pandemic "is a change in circumstances which significantly reduces the likelihood that [he] will fail to appear or will pose a danger to his community."  (Motion at 2-3.)  Specifically, Mattox argues that because he is "extremely concerned about the risk COVID-19 poses to his health and life because of his underlying medical conditions, most notably his asthma,"

---

[4]     If the ACCA applies, Mattox is subject to a maximum sentence of life in prison, and therefore the more stringent release standards set forth in 18 U.S.C. § 3143(a)(2). Under either standard, in order to be released, Mattox must show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or to the community.  *See* 18 U.S.C. §§ 3143(a)(1), 3143(a)(2)(B).

As discussed below, the Court finds that Mattox's Motion fails under either analysis because he cannot show by clear and convincing evidence that he is neither a risk of flight nor a danger to any other person or to the community.  Moreover, because Mattox cannot meet the standards set forth in § 3143(A)(1), any exception under 18 U.S.C. 3145(c), even if it applied, also fails.

CASE 0:18-cr-00263-DWF-ECW   Document 150   Filed 05/12/20   Page 6 of 8

he has "a great deal of incentive to follow any conditions imposed on him, as well as to follow the recommendations of public health officials regarding staying home and practicing social distancing."[5]  (*Id.* at 3.)  Mattox further asserts that if released to home confinement, he intends to reside with his mother or sister and that he is amenable to reasonable monitoring and conditions.  (*Id.* at 3.)

The Government argues that Mattox's Motion fails under § 3143 because he cannot show by clear and convincing evidence that he is not likely to flee or no longer poses a danger to the safety of any other person or the community.[6]  (Govt. Opp. at 4 n.1, 5-7.)  Moreover, the Government contends that no exception applies, and that Mattox cannot show that release is necessary for Mattox's defense or for any other compelling reason.  (*Id.* at 7-14.)

The Court agrees.  While the Court understands the gravity of the COVID-19 pandemic and is mindful of Mattox's concerns, particularly given that he suffers from asthma, the Court finds that Mattox has failed to show by clear and convincing evidence that he poses no risk of flight or danger to any other person or to the community.  Indeed, the only evidence Mattox presents is his own assertion that the COVID-19 pandemic will provide a strong incentive for him to stay at home and to abide by social distancing.

---

[5]     Mattox asserts that he has asthma, requires use of an inhaler and nebulizer, and that his conditioned has worsened in recent weeks.  (Motion at 1.)

[6]     The Government specifically cites Mattox's criminal history and his recent attack on a fellow inmate to argue that his "proclivity for violence has not abated since detention."  (Govt. Opp. at 7.)  The Government also asserts that given the extensive sentence he faces, he has a strong incentive to flee.  (*Id.* at 6.)

Based on Mattox's criminal history, including a violent attack as recent as May 4, 2020, and his history of failing to appear at court required appearances, the Court finds no reason to rebut its prior findings that no condition or combination of conditions of release will reasonably assure Mattox's appearance as required at future court proceedings, and no condition or combination of conditions of release will reasonably assure the safety of the community.  (*See* Docs. Nos. 16, 29.)

Moreover, even if an exception pursuant to 18 U.S.C.§ 3145(c) applied, the Court notes that it would fail for the reasons stated above, and because the circumstances presented do not present an exceptional reason to permit release.[7]  18 U.S.C. § 3145(c). Again, the Court recognizes Mattox's health concerns; however, the Court cannot conclude that release is appropriate when Sherburne County Jail ("Jail") has taken appropriate measures to prevent an outbreak, Mattox cannot point to a single case of COVID-19 in the Jail, and Mattox has not shown that the Jail will be unable to accommodate or care for his condition.  *See*, *e.g.*, *United States v. Hernandez-Guevara*, No. 18-299(2) (SRN/BRT), 2020 WL 1951902, at *2-*4 (D. Minn. Apr. 23, 2020) (highlighting the safety measures undertaken by the Jail to combat and contain COVID-19 at the jail); *United States v. Green*, No. 19-103(3) (MJD/ECW), 2020 WL 1957870, at *3-*4 (D. Minn. Apr. 23, 2020) (noting that steps taken by the Jail "exceed prevention measures being taken across Minnesota and do not violate any Rule provision").  *United*

---

[7]    As discussed above, the Court applied the lesser standard of 18 U.S.C.§ 3143(a)(1) to Mattox's Motion.  Because a § 3145(c) exception also requires a showing by clear and convincing evidence that Mattox poses no risk of flight or danger to any person or the community, the exception fails even if § 3143(a)(2) applies.

*States v. Morris*, No. 17-107 (DWF/TNL), 2020 WL 1471683, at *4 (D. Minn. Mar. 26, 2020) (rejecting premise that COVID-19 is an exceptional reason under § 3145 in light of the "appropriate measures" taken by the Jail to prevent an outbreak); *United States v. Quijada*, Case. No. 19-276 (DSD) (D. Minn. Mar. 20, 2020) (same).  Similarly, the Court finds that the COVID-19 pandemic is not a compelling release to warrant release pursuant to 18 U.S.C. § 3142(i).[8]

In short, the Court finds that under any analysis, Mattox fails to satisfy the requirements or circumstances necessary to warrant release pending sentencing. Therefore, the Court respectfully denies his Motion.

## CONCLUSION

While the Court recognizes the gravity of COVID-19 pandemic and the special threat it poses to those in communal settings, the Court finds that the circumstances presented here do not warrant release.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Marcus Anthony Mattox's Motion for Release from Custody pending sentencing (Doc. No. [145]) is respectfully **DENIED**.


Dated:  May 12, 2020                             s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge

---

[8]     Release pursuant to 18 U.S.C. § 3142(i) also fails because Mattox makes no showing that release is necessary for his defense.  *See* 18 U.S.C. § 3142(i).