UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-263 (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Marcus Anthony Mattox, | |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court on Defendant Marcus Anthony Mattox's *pro se* motion for compassionate release (Doc. No. 191) and supplemental motion to amend (Doc. No. 205). The United States of America (the "Government") opposes Mattox's motion for compassionate release. (Doc. No. 198.) For the reasons discussed below, the Court respectfully denies Mattox's motions.

**BACKGROUND**

In 2019, Mattox was charged in a superseding indictment with being a felon in possession of a firearm. (Doc. No. 74.) Police responded to an emergency call that gunshots had been fired at an apartment complex in St. Paul, Minnesota. (Doc. No. 175 at 3.) When they arrived at the scene, police discovered ten discharged casings, two parked vehicles with apparent gunshot damage, and a nine-millimeter firearm underneath a parked vehicle. (*Id.*) Police followed a blood trail and found a .50-caliber

semiautomatic pistol. (*Id.*) The firearm had blood on the handgrips, trigger guard, and trigger. (*Id.*)

Police obtained video footage from the apartment complex and observed Mattox approach a man and a woman in the parking lot, brandish a firearm, and raise the weapon in a shooting position. (*Id.* at 3-4.) The man crouched behind a car and exchanged gunfire with Mattox. (*Id.*) Mattox appeared to be shot and fell to the ground. (*Id.*) Mattox then stood up and ran. (*Id.*) The man pursued Mattox and continued to shoot at him. (*Id.*) The man then drove off. (*Id.*)

In October 2019, a jury convicted Mattox of being a felon in possession of a firearm. (Doc. No. 102.) The Court found Mattox was an armed career criminal and ordered him to serve 106 months in prison. (Doc. No. 178.) Mattox appealed and the Eighth Circuit affirmed his conviction. *See United States v. Mattox*, 27 F.4th 668 (8th Cir. 2022).

Mattox is currently incarcerated at USP Big Sandy in Inez, Kentucky, with an anticipated release date of May 2026. Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (lasted visited June 22, 2023). Mattox now moves for compassionate release on the grounds that his asthma condition—and BOP's failure to treat him—makes him unable to provide self-care and endangers his health. (Doc. No. 191.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."

18 U.S.C. § 3582(c)(1)(A)(i).  Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  U.S.S.G. § 1B1.13.  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction.  *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction after either "[1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  *Id.*  The record reflects that Mattox requested compassionate release from the warden in

September 2022.  (Doc. No. 191-6 at 4.)  Accordingly, the Court finds Mattox's motion ripe for review.

After a careful review of Mattox's motion and all supporting documentation, the Court finds that Mattox has not demonstrated extraordinary and compelling reasons for a sentence reduction.  While Mattox asserts that he has severe asthma, his medical history is less certain on that fact.  Mattox has provided his health records from 2013 to 2018.  During that time, Mattox reported to his providers that he had a history of asthma.  (Doc. No. 191-4 at 5, 6, 8, 11.)  He was prescribed inhalers, which he asserted that he used "only on occasion."  (*Id.* at 4.)  Moreover, his shortness of breath was connected to environmental allergies and normally coupled with other seasonal allergy symptoms, such as nasal congestion and sneezing.  (*Id.* at 5, 8.)

In 2017, he was hospitalized for chest pain.  (*Id.* at 23.)  He reported that his symptoms were asthma related.  (*Id.*)  Providers as the hospital found "[n]o significant respiratory distress, no cough during [the] exam" and reported that he was able to keep a conversation.  (*Id.*)

While in BOP custody, Mattox has on several occasions requested refills of his inhalers.  (Doc No. 191-2 at 2-15.)  Because his prescriptions expired, he was told that his current symptoms needed to be assessed in order to obtain a new prescription for an inhaler.  (*Id.*)  In July 2022, Mattox reported shortness of breath that he attributed to asthma.  (Doc. No. 199 at 38.)  His provider performed a spirometry test—a test commonly used to diagnose asthma—and his results were normal.  (*Id.* at 39.)  The provider ordered a chest x-ray as a precaution, and Mattox did not attend the

4

appointment.[1]  (*Id.* at 35-37, 39.)  In December 2022, Mattox again reported shortness of breath.  (*Id.* at 12.)  Specifically, he reported wheezing at nighttime.  (*Id.*)  His respiration was normal at the time of his exam, but the doctor again ordered an x-ray.  (*Id.* at 12-13.)  It is unclear to the Court whether that x-ray was performed.

Overall, Mattox has failed to demonstrate that his condition constitutes a compelling and extraordinary circumstance justifying compassionate release.  While Mattox has reported instances of shortness of breath at nighttime, it is unclear to the Court how often these episodes occur or their severity.  And while his providers have ordered additional tests to evaluate the cause of his symptoms, it appears these tests have not been completed.  That being said, the Court is troubled by the fact that Mattox has not been prescribed an inhaler, given his history of being prescribed inhalers for similar symptoms.  Mattox experiences shortness of breath at nighttime—not during the day—which perhaps explains why his daytime exams are showing normal results.  That does not mean that Mattox would not benefit from an inhaler, and the Court finds it doubtful that any doctor would not recommend an inhaler.  If this problem persists, or if Mattox's symptoms significantly worsen, and he is still denied an inhaler, Mattox may again move for compassionate release.

At this time, the Court concludes that Mattox has failed to demonstrate extraordinary and compelling circumstances that warrant compassionate release, so the

---

[1]  Mattox asserts that he missed the appointments because he was not aware that they had been scheduled.  (Doc. No. 205 at 4.)

Court need not address the sentencing factors or whether Mattox poses a danger to the community.

The Court commends Mattox's desire to reenter society as a responsible and proactive member. But at this time, the Court does not find that Mattox's circumstances warrant a sentence reduction. The Court therefore respectfully denies Mattox's motion for compassionate release and supplemental motion to amend.

## CONCLUSION

For the reasons set forth above, the Court finds that Mattox is ineligible for compassionate release.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Defendant Marcus Anthony Mattox's motion for compassionate release from custody (Doc. No. [191]) is respectfully **DENIED**.

2. Defendant Marcus Anthony Mattox's supplemental motion to amend (Doc. No. [205]) is respectfully **DENIED**.

Dated: June 27, 2023                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge