UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Marcus Anthony Mattox,

Defendant.

Criminal No. 18-263 (DWF/ECW)

MEMORANDUM
OPINION AND ORDER

INTRODUCTION

This matter is before the Court on Defendant Marcus Anthony Mattox's *pro se* motions for compassionate release.  (Doc. Nos. 218, 232.)  The United States of America (the "Government") opposes the motions.  (Doc. Nos. 227, 236.)  For the reasons set forth below, the Court respectfully denies the motions.

BACKGROUND

Mattox was charged with being a felon in possession of a firearm on November 5, 2018.  (Doc. No. 1.)  Following a jury trial, Mattox was convicted of a superseding charge of being a felon in possession of a firearm.  (Doc. No. 102.)  On August 6, 2020, this Court sentenced him to a 106-month prison term to be followed by a three-year term of supervised release.  (Doc. No. 178.)  Subsequently, both Mattox and the Government appealed various decisions of the Court, including the Court's determination that Mattox was not an armed career criminal under 18 U.S.C. § 924(e).  (Doc. Nos. 182, 188.)  The Eighth Circuit affirmed the Court's judgment.  (Doc. No. 189.)  Mattox is currently

incarcerated at USP Florence – High with an anticipated release date of July 4, 2026. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 7, 2025).

Mattox previously moved for compassionate release in December 2022 based on his asthma and the Bureau of Prison's (the "BOP") alleged failure to treat him. (Doc. No. 210 at 2.) On June 27, 2023, this Court denied Mattox's motion because he failed to demonstrate that his medical condition constituted an extraordinary and compelling circumstance. (*Id.* at 5-6.) Mattox also filed a motion to reduce sentence under 18 U.S.C. § 3852(c)(2), which this Court denied on March 27, 2024. (Doc. Nos. 211, 216.) Mattox now moves for compassionate release based on new developments in his medical condition and alleged abuse by prison staff. (Doc. No. 218 at 3-4.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with

2

[the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction only "after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). Thus, if a defendant fails to meet the exhaustion requirement and the Government properly raises the exhaustion issue, the Court must dismiss the motion without prejudice. *Id.* Mattox submitted a request to his warden on June 26, 2024, in which he mentioned his health concerns. (Doc. No. 218-1 at 5-7.) He filed his first motion on August 27, 2024, and his second motion on December 23, 2024. (Doc. Nos. 218, 232.) Accordingly, his motions are ripe for review on medical grounds. However, the Court does not review Mattox's abuse allegations because he did raise those allegations in the request to his warden and the Government has properly objected. (Doc. No. 227 at 4.)

Under the Policy Statement, the medical circumstances category includes the following situations:

(A)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). . . .

(B)  The defendant is—
    (i)    suffering from a serious physical or medical condition,
    (ii)    suffering from a serious functional or cognitive impairment, or
    (iii)    experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)  The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D)  The defendant presents the following circumstances—
    (i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
    (ii)    due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
    (iii)    such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

Mattox suffers from sarcoidosis and granulomatous hepatitis, a related liver disease.  (Doc. No. 228-2 at 66-67.)[1]  "Sarcoidosis is a condition that causes tiny

---

[1] Mattox accuses the BOP of falsifying his medical records, specifically his prescribed medications. (Doc. No. 232 at 5.) Mattox has not provided any evidence to support these allegations, so the Court relies on the medical records. Further, the Court's decision today does not rest on whether Mattox received specific medications.

collections of immune system cells in any part of the body," which are called granulomas. *Sarcoidosis*, Mayo Clinic (Jan. 28, 2025), https://www.mayoclinic.org/diseases-conditions/sarcoidosis/symptoms-causes/syc-20350358. Granulomas usually occur in the lungs and lymph nodes of the chest, but also can occur in the liver, eyes, and other organs. *Id.*; Hima Doppalapudi, Johnathon T. Markus & Utsav Parekh, *Granulomatous Hepatitis* (Sept. 10, 2024), https://www.ncbi.nlm.nih.gov/books/NBK564315. Common tests to diagnose sarcoidosis and evaluate its severity include CT scans, PET scans, and biopsies. Syed Rizwan A. Bokhari, Hassam Zulfiqar & Abeera Mansur, *Sarcoidosis*, Nat'l Libr. of Med. (June 25, 2023), https://www.ncbi.nlm.nih.gov/books/NBK430687. "There is no cure for sarcoidosis," but it is not a terminal illness. Doppalapudi, Markus & Parekh, *supra*; *Sarcoidosis*, *supra*. Most patients do not require treatment and will experience spontaneous remission. Bokhari, Zulfiqar & Mansur, *supra*. The few patients with severe or worsening symptoms are often prescribed corticosteroids. *Id.* In these severe cases, sarcoidosis can cause scarring in the lungs and other organ damage when left untreated. *Sarcoidosis*, *supra*. In patients with less severe sarcoidosis, it is important for doctors to closely monitor symptoms, usually in three to six-month intervals. Bokhari, Zulfiqar & Mansur, *supra*.

Although sarcoidosis is not a terminal illness, it is certainly a serious medical condition.[2] But sarcoidosis does not automatically qualify as an extraordinary and compelling circumstance. A defendant must meet the criteria for one of the other three

---

[2] Indeed, the Government concedes that sarcoidosis is a serious medical condition. (Doc. No. 227 at 7.)

categories of medical circumstances: (1) substantially diminished ability to provide self-care; (2) failure by the BOP to provide proper medical care; or (3) outbreak of infectious disease or ongoing public health emergency. *See, e.g.*, *United States v. Thompson*, No. CR 12-3013, 2024 WL 1557126, at *17 (D.N.M. Apr. 10, 2024); *United States v. Gaulden*, No. CR 499-001-1, 2022 WL 2820109, at *3-4 (S.D. Ga. July 19, 2022).

First, Mattox did not provide any evidence demonstrating that he is unable to provide self-care. Second, his medical records do not demonstrate that the BOP has failed to provide him with proper medical care. Within the last two years, Mattox has gone through significant testing to determine the cause of his symptoms. This testing led to a diagnosis of presumed sarcoidosis in September 2024. (*See* Doc. No. 228-1 at 5-9; Doc. No. 228-2 at 66.) Further evaluation after his diagnosis, indicated that his condition, particularly in his lungs, was improving, or at least not at a stage where medication would be required. (*See* Doc. No. 237 at 56-57.) His doctors continued to order more tests to address other symptoms that could be associated with sarcoidosis. (*See* Doc. No. 237 at 8, 58.) His doctors also requested that CT scans be conducted every three months. (Doc. No. 228-1 at 9; Doc. No. 237 at 8.) Thus, despite the seriousness of sarcoidosis, Mattox has not shown that the BOP is failing to provide him with proper medical care.

In *Gaulden*, a court found that sarcoidosis was an extraordinary and compelling circumstance because the BOP failed to provide the defendant with regular monitoring of his condition. 2022 WL 2820109, at *3-4. That is not the case here. Mattox has regular appointments to assess the state of his condition and ensure that it does not worsen.

Sarcoidosis requires treatment with medication only in rare cases. The evidence does not suggest that Mattox requires medication at this time, and Mattox has not provided any evidence to the contrary. Therefore, Mattox's doctors' decision not to prescribe medication is not a failure to provide proper medical care.

Lastly, Mattox suggests that his medical condition puts him at heightened risk of severe illness and permanent lung damage if he were to contract a cold, the flu, or COVID-19. (Doc. No. 232 at 3.) As a threshold matter, a defendant must show that there is either an ongoing outbreak of infectious disease or an ongoing public health emergency. Mattox has shown neither of these things. Further, Mattox has not demonstrated that any risks to him could not "be adequately mitigated in a timely manner." U.S.S.G. § 1B1.13(b)(1)(D). Therefore, Mattox has not met his burden of showing extraordinary and compelling circumstances.

Because the Court concludes that Mattox has failed to show extraordinary and compelling circumstances warranting compassionate release, the Court need not address the § 3553(a) sentencing factors or whether Mattox poses a danger to the community.

### ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Marcus Anthony Mattox's motions for compassionate release (Doc. Nos. [218], [232]) are **DENIED**.

Dated: February 11, 2025            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge